UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff, | §<br>§<br>§ | CRIMINAL NO. 1:25-CR-138-02 |
| v. | §<br>§ | |
| NORA ALICIA AVILA-GUEL,<br>Defendant, | §<br>§<br>§ | |
| and | §<br>§ | |
| FIRST COMMUNITY BANK,<br>Garnishee. | §<br>§<br>§ | |

## RESPONSE TO GARNISHEE'S ANSWER

The United States files this Response to Garnishee First Community Bank's Answer to Writ of Garnishment and opposes the award of any attorney's fees to Garnishee.

### PROCEDURAL POSTURE

The United States instituted this garnishment proceeding to recover criminal monetary penalties owed by Defendant. *See* Dkt. 224. Authority for garnishment is found in the Federal Debt Collection Procedures Act (FDCPA). *See* 18 U.S.C. § 3613; 28 U.S.C. § 3205. Garnishee's Answer admits that it is in possession of funds belonging to Defendant Nora Alicia Avila-Guel in the amount of $21,300. Dkt. 232.

### ARGUMENT AND AUTHORITIES

Garnishee asserts it is "entitled to recover a reasonable attorney's fee" for its attorney's services in this action, in addition to any fees accrued in the event of an appeal. *Id*. Garnishee provides no authority for such an award of attorney's fees, and indeed, no

1

such award is permitted.

"The United States is authorized to enforce any restitution order imposed as part of a criminal sentence by using its powers under the FDCPA." *United States v. Clayton,* 613 F.3d 592, 595 (5th Cir.2010) (citing 18 U.S.C. § 3664(m)(1)(A); 18 U.S.C. § 3613(a), (f)). However, the plain text of the FDCPA provides no basis for an award of fees to garnishee. *See generally* 18 U.S.C. § 3613; 28 U.S.C. § 3205. Moreover, courts within the Fifth Circuit agree that garnishees are not entitled to recover attorney's fees under the FDCPA. *United States v. Citigroup Global Markets, Inc.*, 569 F.Supp.2d 708, 712 (E.D. Tex. 2007) ("[N]either the [Mandatory Victim Restitution Act] nor the FDCPA provides for attorney's fees in garnishment proceedings brought by the United States or its agencies."); *United States v. Roush*, 452 F.Supp.2d 676, 682 (N.D. Tex. 2006) ("The Court sees nothing in section 3205 that would entitle [garnishee] to attorneys' fees."); *United States v. Swopes*, 492 F.Supp.2d 651, 655 (W.D. Tex. 2006) (the absence of any language in the FDCPA granting fees to the garnishee "precludes any award of fees" to garnishee); *United States v. Tex. Life Ins. Co.*, 2011 WL 900099, at *2 (E.D. Tex. March 14, 2011) (denying garnishee attorney's fees in action pursuant to FDCPA, where the "statute provides no basis" for fees to a third-party garnishee); *United States v. Stone*, No. 3:07-CV-1632-P, 2008 WL 11354949, at *2 (N.D. Tex. March 13, 2008) (the FDCPA "provides no basis for the Court to award attorney's fees or other costs to a garnishee."). Therefore, Garnishee may not rely on the FDCPA for any award of its fees.

Similarly, Garnishee is not entitled to fees under 28 U.S.C. § 2412. In limited circumstances, Section 2412 allows for the award of attorney's fees "to a prevailing party

. . . in any civil action . . . brought by or against the United States . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412. However, this provision does not apply to a writ of garnishment "issued as part of a criminal action." *Swopes*, 492 F.Supp.2d at 654. Likewise, Garnishee is not a party, and it has not "prevailed" in any sense. *Id*.; *see also Citigroup Global Markets, Inc*., 569 F.Supp.2d at 712 (garnishee "is not a prevailing party for whom an award of costs or attorney's fees would be appropriate in any event."); *United States v. Stewart*, No. 3:07-cv-1402-P, 2007 WL 9717701, at *2 (N.D. Tex. Dec. 21, 2007) (denying garnishee attorney's fees under Section 2412 because it "has not established it is a prevailing party."). Finally, the position of the United States in this proceeding is "substantially justified" based on the outstanding criminal penalty. *Swopes*, 492 F.Supp.2d at 654; *Stewart*, 2007 WL 9717701, at *2 (denying garnishee attorney's fees under Section 2412 where it "has not established that Plaintiff's position was unjustified."). Considering that Section 2412 "constitutes a waiver of sovereign immunity," which must be "narrowly construed and its borders rigorously observed," it provides no avenue to award Garnishee fees in this matter. *Swopes*, 492 F.Supp.2d at 654 (citing *In re Perry*, 882 F.2d 534, 538 (1st Cir. 1989)).

Finally, any reliance by the Garnishee on Texas Rule of Civil Procedure 677, which provides for compensation to a garnishee in litigation, should be rejected. Although Federal Rules of Civil Procedure 64 and 69 generally provide that state law shall govern the enforcement of judgments, both Rules also provide that any applicable United States statute controls. FED. R. CIV. PRO. 64; FED. R. CIV. PRO. 69. Here, 28 U.S.C. § 3205

3

controls federal garnishment proceedings, and it does not provide any basis to award attorney's fees to the Garnishee. *See supra*. Notably, Section 3205(c)(6) authorizes the award of attorney's fees to the United States ***against*** the garnishee "if the writ is not answered within the time specified therein and a petition requiring the garnishee to appear is filed . . . ." It does not contain any similar provision providing the Garnishee with an award of fees against the United States. Given "the need to narrowly construe a waiver of sovereign immunity," the statute's structure "precludes any award of fees to Garnishee under Texas Rule of Civil Procedure 677." *Stone*, 2008 WL 11354949, at *2; *see also Swopes*, 492 F.Supp.2d at 655 (rejecting an award of fees under Texas Rule of Civil Procedure 677 and noting, "[B]y specifically providing for the awarding of fees to the United States, § 3205 applies to this matter and precludes any award of fees to another party.").

## CONCLUSION

For the reasons stated above, the United States opposes the award of any attorney's fees to Garnishee in this matter. The United States will file a motion for a Final Order of Garnishment once the Defendant's time to request a hearing has expired.

Respectfully submitted,

AARON F. REITZ
United States Attorney

/s/ Elizabeth Wyman
Elizabeth Wyman
Assistant United States Attorney
SDTX ID No. 2294662
1000 Louisiana Street, Suite 2300
Houston, TX 77002
Tel:  713-567-9167
Fax: 713-718-3405
Email: Elizabeth.Wyman@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of July, 2026, a true and correct copy of the

Certificate of Service was mailed via First Class Mail to the following:

First Community Bank, and its affiliates, successors, or assigns
ADDRESS ON FILE
        Garnishee

Nora Alicia Avila-guel
ADDRESS ON FILE
        Defendant

Leonardo Baez-Lara
ADDRESS ON FILE
        Defendant's Spouse

/s/Elizabeth Wyman
Elizabeth Wyman
Assistant United States Attorney

5